UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES PHILLIP MAXWELL, | ) |
| Petitioner, | ) ) ) |
| | ) Civil Case No. **3 09 0308** |
| v. | ) (No. 3:08-MC-0113) |
| | ) Judge Echols |
| INTERNAL REVENUE SERVICE | ) |
| and/or UNITED STATES OF AMERICA | ) |
| and/or EARNEST G. SCHULTZ, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM

On May 2, 2008, Petitioner Charles Phillip Maxwell ("Maxwell" or "Petitioner") filed a Petition to Quash Summons (Docket Entry No. 1) issued by the Internal Revenue Service ("IRS" or ("Government"). After that filing, Petitioner filed numerous Motions, including a Motion for Summary Judgment (Docket Entry No. 10). The Government has filed a Motion to Dismiss (Docket Entry No. 15). The Motions have been fully briefed by the parties.

## I. FACTUAL BACKGROUND

This is Maxwell's third case in this Court seeking to quash summonses issued by the IRS. In the first case, Maxwell v. Internal Revenue Service, et al., Case No. 3:07-MC-0190, Maxwell moved to quash an IRS summons issued to his father-in-law Oscar Mason ("Mason") relating to the IRS's investigation of Maxwell's tax liability for the tax years 1996 through 2006. The motion to quash summons was amended to include a request that the Court also quash an IRS summons which had been served on attorney Robert Notestine III ("Notestine"), also relating to Maxwell's tax liability. The IRS withdrew the summonses at issue in that case and notified the Court and Maxwell that it

1

intended to re-serve the summonses to address a service of process issue raised by Maxwell. Given that development, the Court denied Maxwell's petition as moot, and dismissed the lawsuit.

The second case, Maxwell v. United States, 3:08-MC-0025, related to the IRS summons that was re-served on Mason on January 7, 2008. Maxwell sought to quash not only that summons but also "all other similar summonses unknown by petitioner." The Court dismissed the second case with prejudice, indicating that Petitioner had raised a variety of meritless arguments in support of his Petition to Quash and accompanying filings.

In this third case, Petitioner seeks to quash a summons which the Government issued to Belle Meade Title to the attention of Notestine, and Citibank South Dakota, N.A., and, again, "all summons of which I am the investigated target currently issued." (Docket Entry No. 1 at 1) However, the Government has indicated that the summons to Citibank has been withdrawn due to the service issues which were the subject of the first lawsuit, leaving only the issue of the enforcement of the summons issued to Notestine relating to Belle Meade Title.

## II. ANALYSIS

As in his second case, Maxwell raises a variety of meritless arguments in support of his Petition to Quash, his Motion for Summary Judgment and his other filings. For example, Maxwell argues that "[t]he summonses are not identifiable as that of the required Secretary of 26 U.S.C. 7602 nor is any party identified thereon as the issuing delegate of such Secretary." (Id. at 2). However, as with the summons issued to Mason in Case No. 08-MC-0025, the summons issued to the attention of Notestine at Belle Meade Title contains the seal of the Internal Revenue Service next to the word "SUMMONS" in bold, large-font type. Also, as with the summons issued to Mason, the summons

2

indicates it is from the Commissioner of the Internal Revenue Service and is duly signed by Revenue Agent Ernest G. Schultz and the approving officer, Group Manager Janet Cunningham.

Further, as in the case of the summons issued to Mason in the second case, Petitioner asserts that the summons identifies a person by number not lawfully associated with him, presumably because, as he claimed in his last lawsuit, he has renounced his Social Security number. However, there is no doubt but that the summons relates to Maxwell's taxes because, as with the Mason summons in the second case, the summons states it is "In the matter of Charles Maxwell, a/ka/ Phillip Maxwell" and gives Maxwell's Social Security number.

As before, even apart from frivolous arguments relating to the form of the summons, Maxwell raises routinely-rejected substantive arguments, most fundamentally that no law exists which imposes an income tax on him and that no non-apportioned direct tax can be imposed on him as a non-citizen in light of the Supreme Court's opinion in Brushaber v. Union Pacific Railroad Co., 240 U.S. 1 (1916). These arguments, which are contained in Petitioner's Amendment to Quash (Docket Entry No. 4), are wholly without merit.

As the Sixth Circuit explained in Martin v. Comm'r., 765 F.2d 38 (6th Cir. 1985), "in light of the sixteenth amendment . . . all taxation of income, 'from whatever source derived,' was found to be constitutional in Brushaber." Moreover, "even considering Brushaber, the income tax applies to all wage earners." Id.

Equally unavailing in light of Brushaber is Petitioner's contention that no non-apportioned tax can be assessed against him. "For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation" and "efforts to argue otherwise have been sanctioned as frivolous[.]" United

3

States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990). The same argument, almost twenty more years removed from Brushaber, is not any less frivolous.

Likewise, Petitioner's assertion that he is not a United States citizen and therefore not subject to income taxes is frivolous. Petitioner claims he is not a citizen of the United States, but rather a "Citizen of the Sovereign Body Politic of the Republic state of Tennessee, one of the original People or their direct Posterity." (Docket Entry No. 33 at 2). Such arguments are routinely rejected by the courts, often with little discussion. See, Upton v. I.R.S., 104 F.3d 543, 545 (2d Cir. 1997)(taxpayer's argument that he was a citizen of a state and therefore not a citizen of the United States was "barely worth a footnote"); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993)("'shop worn' argument of the tax protester movement" that taxpayer was "a citizen of the mythical Indiana State Republic" was completely without merit and not deserving of the court's time); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992)(taxpayer's arguments that he could not be punished under the United States tax laws because he was a citizen of the sovereign state or Republic of Idaho was "completely without merit, patently frivolous" and "rejected without expending any more of th[e] Court's resources on their discussion").

This Court has considered all of the arguments raised by the Petitioner and, as in the last case, finds his arguments to be without merit and an unsubtle attempt by him to misuse the judicial system in an effort to thwart an investigation into his potential tax liabilities. As this Court explained in relation to the Mason summons at issue in Maxwell's second case:

> The authority of the IRS to issue summons on persons or documents which may be relevant to a tax investigation is provided for in 26 U.S.C. § 7602:
>> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal

4

> revenue tax, or collecting any such liability, the Secretary is authorized
> ... [t]o summon ... any other person the Secretary may deem proper,
> to appear before the Secretary at a time and place named in the
> summons and to produce such books, papers, records, or other data
> ... as may be relevant or material to such inquiry

26 U.S.C. § 7602(a)(2). In order to have an IRS summons enforced, the government must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required in 26 U.S.C. § 7603 have been followed. See, United States v. Powell, 379 U.S. 48, 57-58 (1964). "'The requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement.'" Wagenknecht v. United States, 22 Fed. Appx. 482, 483-484 (6th Cir. 2001)(citation omitted). Once the government has made this showing, the burden shifts to the taxpayer to demonstrate it would be an abuse of the court's process to enforce the summons. See id.; Kondik v. United States, 81 F.3d 655, 656 (6th Cir. 1996). "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58.

(Case No. 08-MC-0025). In this case, as in the last case, the Government has submitted the Declaration of Revenue Agent Schultz which indicates a legitimate investigation is being conducted; the inquiry is for a relevant purpose; the evidence is not in the IRS's possession; and the administrative steps required by statute have been followed. (Docket Entry No. 17). This is sufficient to meet the requirement of Powell, see, Wagenknecht, 22 Fed. Appx. at 484, notwithstanding Petitioner's repeated assertion that it is incumbent upon the government to "produce an enforceable law which sufficiently imposes a potential tax liability upon plaintiff which makes me liable to pay the 26 USC subtitle A income tax[.]" (Docket Entry No. 33 at 1). The bottom line is that "[t]he IRS has the authority to investigate anyone potentially liable for taxes pursuant to 26 U.S.C. § 7601 and to issue a summons to a non-governmental entity ... pursuant to 26 U.S.C. § 7609." Boorsman v. United States, 1998 WL 791835 at *2 (6th Cir. 1998).

5

Petitioner has made no showing of an improper purpose or lack of good faith that would suggest enforcement of the summons would be an abuse of process. Instead, by interposing baseless arguments, he has once again attempted to thwart proceedings "which are intended to be summary in nature." United States v. Monumental Life Ins. Co., 440 F.3d 729, 736 (6th Cir. 2006).

Moreover, the Petition to Quash is untimely. Petitions to quash IRS summonses must be filed within twenty days of service or notice of service. 26 U.S.C. § 7609(b)(2)(a). The Petition in this case was filed on May 2, 2008. However, Agent Schultz avers that he served notice on Petitioner by certified mail on January 7, 2008 which, perhaps unsurprisingly, Petitioner refused. Attached to Schultz's Declaration is an envelope which indicates that the mailing was made to on January 7, 2008 by certified mail and refused by Petitioner on January 22, 2008. This is sufficient to establish that Petitioner received the notice required by Section 7609 and to begin the running of the twenty-day period. Shisler v. United States, 199 F.3d 848, 851 (6th Cir. 1999).

Given the foregoing, Petitioner's Petition to Quash (Docket Entry No. 1) and his Motion for Summary Judgment (Docket Entry No. 10) (which is based upon his groundless contentions that there are no laws which impose tax liabilities upon him and that the investigation by the IRS serves no legitimate purpose) will be denied. The Government's Motion to Dismiss (Docket Entry No. 15) will be granted.

In its Motion to Dismiss, the Government request sanctions. This is the Government's second request for sanctions. In the last case, this Court denied sanctions, but made it clear to Petitioner that if he persisted in pursuing baseless arguments in an effort to impede the issuance of summonses relating to the IRS's investigation of his potential tax liability the Court would consider the matter anew. Specifically, the Court wrote:

6

> A district court has inherent authority to sanction litigants who abuse the judicial process, see, Red Carpet Studios v. Sater, 465 F.3d 642, 645 (6th Cir. 2006), including tax protestors who assert frivolous claims, Vonderheide v. United States, 1999 WL 220134 at *2 (6th Cir. 1999). Nevertheless, the Court will not impose sanctions in this case. While this is the second case filed by Maxwell relating to summonses involving the investigation into his potential tax liability, it is the first time the Court has been required to address substantive arguments raised by Maxwell.
>
> This Court's refusal to award sanctions in this case must not be misunderstood by Maxwell. The Court will consider any future requests for sanctions in a different light should Maxwell choose to challenge the enforcement of an IRS summons by raising the same or similar frivolous and meritless arguments.

(Case No. 08-MC-0025, Docket Entry No. 24 at 7). This Court's cautionary advice went unheeded by Petitioner as evidenced by the fact that he filed the instant Petition to Quash less than ten days after the Court entered the Order and accompanying Memorandum which contained the foregoing language in Petitioner's second case. As further evidence of his obstinacy, Petitioner has now filed a fourth case challenging the enforcement of an IRS summons related to his potential tax liability. That case, United States v. Maxwell, 3:09-MC-0046, is presently pending before Judge William Haynes.

The Court will defer ruling on the Government's request for the imposition of sanctions. Petitioner will be provided an opportunity to show cause, in writing, as to why sanctions should not be imposed. By now, Petitioner should understand that merely raising arguments about why he believes he is somehow exempt from the tax laws of the United States will be insufficient to avoid the imposition of sanctions against him.

In addition to the dispositive Motions which have been filed, Petitioner has filed numerous other motions, most of which can be disposed of summarily. Petitioner filed motions seeking extensions of time to file his own dispositive motion or respond to any such motions filed by the Government (Docket Entry Nos. 3 & 9). Those motions will be denied as moot since Petitioner filed responses to the Government's Motion to Dismiss (Docket Entry Nos. 25 and 33) and filed a Motion for Summary Judgment (Docket Entry No. 10).

7

Petitioner's "Motions for Findings" (Docket Entry No. 5) which sets forth four rhetorical questions about what should be done in relation to Agent Schultz's alleged disclosure of Petitioner's Social Security number will be denied. This Motion is identical to the "Post Case Motion for Findings" he filed in the second case (Case No. 08-MC-0025, Docket Entry No. 28). As was pointed out in that case, the Court "is not in the business of providing advisory opinions" and, in any event, "26 U.S.C. § 6103(k)(6) authorizes return information disclosure by the Internal Revenue Service 'to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, [or] liability for tax' and generally 'a Social Security number is included on a summons to ensure that correct documents are produced by a third party.' Kernan v. IRS, 2006 WL 2091669 at *5 (D. Ariz. 2006)." (Case No. 08-MC-0025 Docket Entry No. 36 at 2).

Petitioner's "Objection to Court Order and Motion to Alter, Amend or Vacate Court Order (Docket Entry No. 13) will be denied. This objection and motion relates to the fact that this case was initially assigned to Judge Aleta Trauger of this Court, but reassigned to the undersigned pursuant to Administrative Order No. 176. That Administrative Order allows for the reassignment of related cases and this case is related to Case No. 0 8-MC-0025 inasmuch as both cases involve IRS summonses related to an investigation of Petitioner's potential tax liability.

Finally, Petitioner's Motion to Alter Amend or Vacate Court Order (Docket Entry No. 30) will be granted in part. That motion relates to this Court's Order (Docket Entry 23) which directed that the Government's response to Petitioner's Motion for Summary Judgment (Docket Entry No. 21) be placed under seal when, in fact, the Government was requesting that Exhibit A to Respondent Shultz's Affidavit (Docket Entry No. 17-1) be placed under seal because it contained personal data identifiers. The Court will vacate the Order insofar as it identified the wrong document to be placed under seal

8

Exhibit A to Respondent Shultz's Declaration (Docket Entry No. 17-1), which is already under seal, shall remain under seal.

### III. CONCLUSION

On the basis of the foregoing, the Court will deny Maxwell's "Petition to Quash Summons" (Docket Entry No. 1), his Motion for Findings (Docket Entry No. 3), his "Motion for Summary Judgment" (Docket Entry No. 10), and his "Objections to Court Order and Motion to Alter, Amend or Vacate Court Order" (Docket Entry No. 13). Maxwell's "Motion for Leave for an Extra 30 Days to Respond to Any Dispositive Motions Filed By the Government" (Docket Entry No. 3) and his "Motion for Leave of Time to File Motion for Summary Judgment" (Docket Entry No. 9) will be denied as moot. Maxwell's "Motion to Alter Amend or Vacate Court Order" (Docket Entry No. 30) will be granted insofar as it requests the Court to vacate the Order (Docket Entry No. 23) placing the Government's Response to Petitioner's Motion for Summary Judgment under seal. However, Exhibit A to Respondent Schultz' Affidavit (Docket Entry No. 17-2) will remain under seal.

The Government's "Motion to Dismiss" (Docket Entry No. 15) will be granted and this case will be dismissed with prejudice after the Court rules on the Government's request that sanctions be imposed against Petitioner. Petitioner will be afforded ten (10) days from the date of entry of this Order within which to show cause as to why sanctions should not be imposed.

An appropiate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE