# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHARLES PHILLIP MAXWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-0308** |
| | ) | **Judge Echols** |
| **INTERNAL REVENUE SERVICE** | ) | |
| **and/or UNITED STATES OF AMERICA** | ) | |
| **and/or EARNEST G. SCHULTZ,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER

After Petitioner filed three consecutive and frivolous "Petitions to Quash Summons" the Internal Revenue Service ("IRS") had issued in an effort to determine Petitioner's tax liability, this Court entered an Order and Memorandum (Docket Entry Nos. 39 & 40) granting respondents' Motion to Dismiss (Docket Entry No. 15) this case and taking under advisement the request for sanctions which was filed as a part of that Motion. Petitioner was provided ten days from the date of entry of the Order within which to show cause, in writing, as to why sanctions should not be imposed. The Court also ruled that after the request for sanctions was resolved, this case would be dismissed with prejudice.

Petitioner has now filed a "Motion to Vacate Judgment: And Petitioner's Show Cause" (Docket Entry No. 42) to which Respondents have responded (Docket Entry No. 43) and Petitioner has replied (Docket Entry No. 44).. Although the title of that filing suggests that Petitioner will cogently explain why sanctions should not be imposed, the filing does no such thing other than to argue that "no law exists imposing any liability to pay the tax" and arguing that his filings are not sanctionable "when neither defendants or this court on their behalf can or did produce or cite any such law or fact and merely contort

1

and distort disturbingly and falsely to sidestep that fact." (Id. at 4-5) . Petitioner also repeats that which he has said in the past, such as there are no laws which impose tax liability on him and/or allow the investigation being conducted by the IRS (Id. at 1-2 & 3); there are no laws which impose income tax liability on citizens (Id. at 2); while there are laws, such as the Sixteenth Amendment, which provide a tax on income, none impose any liability to pay such taxes (Id.); if he is liable for any taxes, it must be based upon some "unalleged secret fact or circumstance of liability outside of law or in lieu thereof" (Id.); and the mere fact that the summonses contain the seal of the IRS or an agent's signature do not make them valid. (Id. at 3). Such arguments have been rejected by this Court in Petitioner's cases and repeatedly rejected by courts in other cases. Moreover, this Court specifically warned petitioner "that merely raising arguments about why he believes he is somehow exempt from the tax laws of the United States will be insufficient to avoid the imposition of sanctions against him." (Docket Entry No. 39 at 7). He ignored that warning.

In addition to repeating baseless arguments, Petitioner claims the ten days he was provided to show cause was "oppressive, absurd and void" because that period of time was insufficient for him "to unravel the plethora of 'errors' to put it kindly" (Docket Entry No. 42 at 2). He also claims this Court's rulings are "lawless, void of no force and effect" and contain "complete and immaterial falsehoods." (Id.). He further asserts the undersigned has failed to produce or cite appropriate law, "proffers . . . complete falsehood[s]," has neglected the duty "to report the federal felony of [Agent] Schultz," and "misuse[d] the judicial process." He also claims that "defendants' representative" has a "warped reprobate mind and seared conscience." (Id. at 2-5). Such *ad hominem* attacks on the Court, its rulings, the undersigned, and the Respondents are inappropriate and do nothing to persuade

Case 3:09-cv-00308   Document 45   Filed 05/19/09   Page 2 of 5 PageID #: 315

the Court that sanctions should not be imposed for Petitioner's willful and repeated misuse of the judicial process in making frivolous arguments in an effort to quash lawful summonses.

"A district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders." Dell, Inc. v. Elles, 2008 WL 4613978 at *2 (6th Cir. 2008). "These powers come not from rule or statute but from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Stalley v. Methodist Healthcare, 517 F.3d 911, 920 (6th Cir. 2008)(quoting, Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). While the power to sanction must be used with "restraint and discretion," a court "should not shrink from exercising it when sanctions are justified by the circumstances." Id.

In this case, the Court finds sanctions to be appropriate. Petitioner has repeatedly raised arguments which have been unanimously rejected by the courts. If he was not aware of the law before he filed his first Petition to Quash, he certainly should have become aware after the Court entered an Order dismissing his Petition to Quash in Case No. 3:08-mc-0025 on April 23, 2008. The accompanying Memorandum explained the law. It also denied the Government's request for sanctions, but, in doing so, the Court made clear that if Petitioner persisted in pursuing baseless arguments in an effort to impede the issuance of summonses relating to the IRS's investigation of his potential tax liability, the Court would consider imposing sanctions. Specifically, after reviewing case law surrounding sanctions, the Court wrote that the "refusal to award sanctions in this case must not be misunderstood by Maxwell" and that "the Court will consider any future requests for sanctions in a different light should Maxwell choose to challenge the enforcement of an IRS summons by raising the same or similar frivolous and meritless arguments." (Case No. 08-mc-0025, Docket Entry No. 24 at

3

7). Nevertheless, less than ten days later, on May 2, 2008, Petitioner filed the Petition to Quash in this case and yet another Petition to Quash on March 12, 2009 in Case No. 3:09-mc-00046, both of which are replete with meritless contentions. Further, his present Motion to Vacate is but another baseless attempt to misuse the Court in an effort to delay the enforcement of what this Court has determined to be a lawfully issued summons.

Having fully considered the matter, the Court determines that the appropriate sanction in this case should be $1,500.00. In doing so, the Court notes that courts have generally imposed sanctions of $1,000.00 or more in cases involving frivolous petitions to quash IRS summonses, see, Kish v. United States, 1996 WL 196730 at *5 (W.D. Mich. 1996)(collecting cases, but only imposing $250.00 sanction because litigant was not deemed to be vexatious), and the Sixth Circuit has repeatedly imposed sanctions of $2,000.00 to $4,000.00 in appeals involving what it characterizes as "so-called 'tax protester' cases." See, Raft v. Comm'r., 147 Fed. Appx. 458, 462 (6th Cir. 2005)(collecting cases). The Court finds that the $1,500.00 sanction, coupled with the possibility that the Court will prohibit Petitioner from filing any more Petitions to Quash Summons or other filings involving related tax matters in this Court until the imposed sanction has been paid in full, may be a sufficient deterrent to Petitioner and others from making frivolous attempts to impede the enforcement of a lawful IRS summons. See, United States v. Regan, 2000 WL 915118 at *2 (7th Cir. 2000)(indicating that court should first impose monetary sanctions for frivolous filings and, if the litigant does not pay within the time provided, prohibit the filing of future cases until the sanction has been paid in full); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000)(affirming injunction against pro se litigant from filing any further lawsuits involving tax matters until all previously-imposed sanctions had been paid in full and directing clerk not to accept any more filings).

Accordingly, the Court hereby enters the following rulings:

(1) Petitioner's "Motion to Vacate Judgment: And Petitioner's Show Cause" (Docket Entry No. 42) is hereby DENIED;

(2) Respondents' request for sanctions contained in their Motion to Dismiss (Docket Entry No. 15) is hereby GRANTED and the Court imposes SANCTIONS against Petitioner in the amount of $1,500.00 payable to the Clerk of the United States District Court for deposit into the United States Treasury. Such PAYMENT SHALL BE MADE IN FULL WITHIN THIRTY (30) DAYS of the date of entry of this Order;

(4) The Clerk of the Court is DIRECTED to accept and deposit into the United States Treasury the payment by Petitioner in the amount of $1,500.00;

(5) Petitioner is CAUTIONED that the failure to comply with the terms of this Order and remit payment as required may result in contempt proceedings; and

(6) This case is hereby DISMISSED WITH PREJUDICE.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

5