# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CHARLES PHILLIP MAXWELL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **No. 3:09-0308** |
| ) | **Judge Echols** |
| **INTERNAL REVENUE SERVICE** ) | |
| **and/or UNITED STATES OF AMERICA** ) | |
| **and/or EARNEST G. SCHULTZ,** ) | |
| ) | |
| **Respondents.** ) | |

## ORDER

This case involves Petitioner's third attempt to quash third-party summons issued by the Internal Revenue Service in an effort to determine Petitioner's potential tax liability. On April 1, 2009, the Court entered an Order (Docket Entry No. 40) granting respondents' Motion to Dismiss, taking under advisement the Government's request for sanctions, and providing Petitioner with an opportunity to respond to the request for sanctions. (Docket Entry No. 45). After Petitioner filed responses to the request for sanctions (Docket Entry Nos. 42 & 44), the Court entered an Order sanctioning Petitioner in the amount of $1,500.00 for his frivolous filings and dismissed this case with prejudice (Docket Entry No. 45). Petitioner has now filed a "Motion for New Trial or Alter, Amend or Vacate Judgment" (Docket Entry No. 47) and a "Post Case Motion for Sanction Against Respondent(s)" (Docket Entry No. 48). The Government has responded in opposition to both Motions (Docket Entry Nos. 49 & 50) and Petitioner has replied (Docket Entry Nos. 52, 53).

"A district court may grant a Rule 59(e) motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest

1

injustice." Conner v. State Farm Mut. Auto Ins. Co., 273 Fed. Appx. 438, 444 (6th Cir. 2008)(citing, GenCorp Inv. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)).  In this case, Petitioner presents no new evidence nor cites any change in the law, but instead rehashes claims that have been previously considered and rejected by the Court.  The only thing "new" in the Motion to Alter is his assertion that the Order (Docket Entry No. 45) is unlawful because it "imposes sanctions of borrowed fiat Federal Reserve Notes ('FRNs') or some tender other than lawful money of account of the United States" and that "[l]awful money of account is only standard weights of Coins as set by Congress[.]" (Docket Entry No. 47 at 3).  Petitioner further argues that "[t]here is currently no such lawful money in general circulation or purchasable at par value by any tender that is in general circulation."  (Id. at 4).  This is nonsense.  See, Crummey v. Klein Ind. Sch. Dist., 295 Fed. Appx. 625, 626 (5th Cir. 2008); Richardson v. Utah, 1994 WL 507495 at *2 (10th Cir. 1994);  Kennedy-Burdick v. Czarnecki, 2002 WL 511484 at *4 (D. Ariz. 2002).  Federal reserve notes are legal tender.  31 U.S.C. § 5103.

In his Motion for Sanctions, Petitioner asserts that sanctions against the Respondents are appropriate for their repeated "law violations" in the service of the third-party summons.  However, the Court has previously found that the Respondents have acted in accordance with the law and therefore there is no basis for sanctions against them.

Accordingly, Petitioner's "Motion for New Trial or Alter, Amend or Vacate Judgment (Docket Entry No. 47) is hereby DENIED.  Petitioner's "Post Case Motion for Sanction Against Respondent(s) (Docket Entry No. 48) is also DENIED.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE