UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES PHILLIP MAXWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-0308 |
| ) | Judge Echols |
| INTERNAL REVENUE SERVICE ) | |
| and/or UNITED STATES OF AMERICA ) | |
| and/or EARNEST G. SCHULTZ, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

On May 19, 2009, this Court entered an Order (Docket Entry No. 45) granting the Government's request for sanctions, imposing sanctions on the Petitioner in the amount of $1,500.00, and ordering that Petitioner pay that amount to the Clerk of this Court within thirty days. Petitioner did not comply with that Order and, on November 12, 2009, the Court entered another Order noting Petitioner's failure and ordering him to appear on December 11, 2009 to show cause why he should not be held in contempt. The hearing was held as scheduled.

Shortly before the hearing, Petitioner made numerous filings, most of which are frivolous, and all of which were discussed at the December 11, 2009 hearing. In Order of filing, those matters include:

(1) Petitioner's "Motion to Disclose" (Docket Entry No. 69) in which Petitioner asserted he could not defend against the proceedings because he did not know whether the Court was considering civil or criminal contempt. As explained at the hearing, the Court is considering whether to hold Petitioner in civil contempt

1

because it is seeking to have Petitioner comply with this Court's Order that he pay the $1,500.00 sanction. Thus, this Motion to Disclose is hereby DENIED AS MOOT;

(2) Petitioner's "Motion to Disclose" (Docket Entry No. 70) in which Petitioner claims that he does not know how to go about paying the sanction. As the Court indicated at the hearing, this Motion is frivolous since the Order to pay $1,500.00 clearly contemplates that the payment is to be made in United States currency, and not in gold or silver as Petitioner claims the Order can be construed. This Motion is hereby DENIED.

(3) Petitioner's "Motion for Judicial Notice and Show Cause Hearing" (Docket Entry No. 71) in which Petitioner asserts counsel for the Government should be held in contempt because they are not duly licensed in Tennessee. This Motion, too, is frivolous as evidenced by the Government's response (Docket Entry No. 76) and the Roll of Attorneys of this Court. This Motion is hereby DENIED.

(4) Petitioner's "Motion to Appoint Counsel" (Docket Entry No. 73) in which Petitioner asks the Court to appoint counsel insofar as the Court is contemplating holding Petitioner in criminal contempt. This Motion is DENIED. As indicated, the Court at this point is considering civil contempt, not criminal contempt. Further, the financial information which Petitioner has submitted to support his claimed indigency (Docket Entry No. 75) is woefully deficient, although, as explained below, Petitioner will be afforded the opportunity to submit a further

affidavit in support of his claimed inability to pay the sanction which has been assessed by the Court.

(5) Petitioner's "Motion for Stay of Execution Pending Appeal" (Docket Entry No. 77) in which Petitioner states that his appeal to the United States Court of Appeals for the Sixth Circuit has been reinstated and therefore the Court should stay any further proceedings in this Court pending resolution of that appeal. This Motion is DENIED. As indicated at the hearing, the Court retains jurisdiction to enforce its Orders. See, Peacock v. Thomas, 516 U.S. 349, 355 (1996).

In addition to the foregoing, the Court also discussed Petitioner's claim at the hearing on December 11, 2009 that he does not have the financial resources to pay the $1,500.00 sanction which has been imposed. As the Court pointed out, Petitioner cannot have it both ways, i.e. claim that he is indigent, but not provide the Court with sufficient information to independently make a determination as to whether the claim of indigency is true. The Court therefore provided Petitioner with a Financial Affidavit which Petitioner shall COMPLETE AND SUBMIT TO THE COURT UNDER SEAL within ten (10) days of the hearing. Petitioner shall complete the form and ANSWER EACH INQUIRY FULLY AND TRUTHFULLY. If Plaintiff fails to complete the Affidavit and submit the same to the Court within the period provided, fails to answer any questions, or is evasive in his answers in any way, the Court will deem Petitioner able to pay the sanction in full and will set the matter for a further show cause hearing to enforce compliance with this Court's May 19, 2009 Order. During the same ten day period, the Government may submit whatever information it desires which relates to Petitioner's ability or inability to pay the sanction which has been imposed.

3

Finally, as Petitioner was informed at the December 11, 2009 hearing, Petitioner is HEREBY ORDERED NOT TO MAKE ANY FURTHER FILINGS OR INSTITUTE ANY FURTHER ACTIONS in this Court and the Clerk is directed not to accept any further filings or actions filed by Mr. Maxwell, until either the sanction of $1,500 has been paid in full, or until further Order from this Court which specifically lifts the ban on making new filings or filing new actions.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE